UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESUS BENTO CARDOZO; RELSON FERNANDES; YASSINE BELHAJ; MAROUANE BOULHJAR; and MOULOUD BEN KHADAJ,<br><br>Petitioner,<br><br>v.<br><br>DREW BOSTOCK; KRISTI NOEM; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI; BRUCE SCOTT,<br><br>Respondent. | Case No. 2:25-cv-00871-TMC<br><br>ORDER ON REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

Before the Court are Petitioner Mouloud Ben Khadaj's objections to the Report and Recommendation ("R&R") issued by the Honorable Brian A. Tsuchida, United States Magistrate Judge. The Court has considered the R&R (Dkt. 25), Petitioner Khadaj's objections (Dkt. 26), and the response to those objections from Respondents (Dkt. 27). The Court has conducted de

ORDER ON REPORT AND RECOMMENDATION - 1

novo review of the R&R based on Petitioner's objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the reasons explained below, the Court sustains Petitioner's objections and otherwise adopts the R&R.

## II.     DISCUSSION

The parties agree that whether due process requires a bond hearing for Petitioner is governed by the factors from *Banda v. McAleenan*, 385 F. Supp. 3d 1009, 1117–18 (W.D. Wash. 2019). *See* Dkt. 25 at 8. That standard is contained in the R&R and will not be repeated here. *See id.* The Court will address each objection in turn.

### A.     The fourth and fifth *Banda* factors favor Petitioner.

First, Petitioner objects that the fourth and fifth *Banda* factors—the nature and extent of any delays caused by Petitioner and the government, respectively—should favor Petitioner. Dkt. 26 at 2–3; *see Banda*, 385 F. Supp. 3d at 1119–20. The R&R found that these factors were neutral, explaining that Petitioner's "immigration proceedings have primarily been delayed due to the lack of interpreters," but that "once it was clear specialized interpreters were needed, it appears Respondents did not ignore that need but attempted to address it." Dkt. 25 at 10–11. Respondents argue this conclusion was correct because the government made significant efforts to secure interpreters. Dkt. 27 at 3.

Applying de novo review, the Court agrees with Petitioner that these factors also weigh in favor of requiring bond hearing. In *Banda*, the delay in immigration proceedings was also primarily caused by difficulty securing an interpreter in the right dialect. 385 F. Supp. 3d at 1120 ("In this case, essentially all the delay between petitioner's first master calendar hearing . . . and his merits hearing . . . was caused by the lack of an appropriate interpreter or DHS's request for a continuance."). Even though the petitioner in *Banda* understood English to some extent, the court

concluded that when there was "no indication that petitioner deliberately sought to delay the proceedings" or "engage in dilatory tactics," the delay caused by the necessity of finding an interpreter "is attributable to the Government, not petitioner." *Id.* at 1119–20. Because there is no material difference between the interpreter delay in this case and *Banda*, the fourth and fifth *Banda* factors favor Petitioner. The Court therefore sustains Petitioner's objection and declines to adopt the R&R on this point.

**B.     A bond hearing is required because Petitioner's prolonged mandatory detention under Section 1225(b) violates due process.**

Second, Petitioner objects to the R&R's conclusion that while a bond hearing is required, the Court should not declare that 8 U.S.C. § 1225(b) is unconstitutional as applied to Petitioner or that Petitioner's continued detention violates due process. Dkt. 26 at 3–4; *see* Dkt. 25 at 12–13. Petitioner argues that this conclusion is logically inconsistent; under the relevant case law, the relief sought in his habeas petition (a conditional writ of habeas corpus ordering release unless a bond hearing is provided) may only be granted if the Court concludes that his continued detention without a bond hearing violates due process. Dkt. 26 at 3–4.

The Court agrees with Petitioner's analysis, which Respondents do not meaningfully contest. *See* Dkt. 27 at 4. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional (or other federal) rights." *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008). In modern habeas practice, courts often "employ a conditional order of release," which orders the government to release the petitioner unless it "takes some remedial action" that

corrects the constitutional violation. *Id.* at 741–42; *see also Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020) (describing procedure for enforcing conditional writ).

Petitioner is detained under the mandatory detention provisions of 8 U.S.C. § 1225(b). The statute itself does not include "a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018) (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)). But through *Banda*, courts in this district joined "the vast majority of other district courts to conclude that unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process." 385 F. Supp. 3d at 1117. Application of the *Banda* factors is thus used to determine when detention has become unconstitutionally prolonged; if a detainee is entitled to a bond hearing under *Banda*, it is because his continued detention without one—as the text of Section 1225(b) allows—violates due process. The conclusion of the R&R that Petitioner Khadaj must receive a bond hearing (a conclusion to which Respondents did not object) requires a conclusion that Section 1225(b) is unconstitutional as applied to the facts of his case. The Court therefore sustains Petitioner's objection and declines to adopt the R&R on this point.

### C.    The bond hearing shall occur within 14 days.

Finally, Petitioner objects to the R&R's recommendation that the Court order a bond hearing to be held within 35 days rather than 14 as sought by the habeas petition. Dkt. 26 at 4–6; *see* Dkt. 25 at 11–12; Dkt. 1 at 25. The R&R tied this recommendation to the role that the length of Petitioner's detention plays in determining whether due process requires a bond hearing, explaining: "If this recommendation is adopted, Petitioner will have been in custody for approximately 12–13 months depending upon the date a dispositive order is filed. The length of Petitioner's detention of 12–13 months would fall within the length of detention other courts have recognized as calling for a bond hearing." Dkt. 25 at 12. Respondents argue that the Court

ORDER ON REPORT AND RECOMMENDATION - 4

should adopt the 35-day recommendation, but on the basis that because of the limited availability of interpreters, "the 35-day period is more reasonable for compliance." Dkt. 27 at 4.

As the cases cited by both parties demonstrate, courts in this district typically require that bond hearings ordered as part of a conditional writ of habeas corpus occur within 14 to 30 days. This Court agrees with Petitioner's argument that the time for compliance should be considered independently from whether the length of detention has become prolonged, and the Court should not order a longer compliance period to ensure a certain length of detention. And while the Court is sensitive to the difficulty of obtaining interpreters, the declaration submitted by Respondents in this case suggests that the difficulty for Petitioner Khadaj centered around determining the dialect he could best understand; since that question has now been answered, Respondents should be able to comply with the conditional writ in 14 days. *See* Dkt. 12 at 2–3. The Court therefore sustains Petitioner's objection, declines to adopt the R&R on this point, and will order that Mr. Khadaj's bond hearing shall occur within 14 days of this Order.

### III. CONCLUSION

The Court SUSTAINS Petitioner's objections to the R&R (Dkt. 26) as set forth above. The Court otherwise adopts the R&R, and ORDERS as follows:

1. Respondents' motion to dismiss (Dkt. 11) is GRANTED IN PART as to the claims of Petitioners Cardozo, Boulhjar, Fernandes, and Belhaj, and DENIED IN PART as to the claims of Petitioner Khadaj.

2. The petition for writ of habeas corpus (Dkt. 1) filed by Mouloud Ben Khadaj is GRANTED.

3. Mr. Khadaj's ongoing detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

4.  Respondents shall therefore release Mr. Khadaj from detention unless, within 14 days of this Order, Respondents provide Mr. Khadaj an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

Dated this 8th day of September, 2025.

Tiffany M. Cartwright
United States District Judge