1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESUS BENTO CARDOZO; RELSON FERNANDES; YASSINE BELHAJ; MAROUANE BOULHJAR; and MOULOUD BEN KHADAJ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DREW BOSTOCK; KRISTI NOEM; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI; BRUCE SCOTT,<br><br>　　　　　Respondent. | Case No. 2:25-cv-00871-TMC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## I.　INTRODUCTION

Petitioner Mouloud Ben Khadaj obtained habeas relief when this Court held that his prolonged immigration detention without a bond hearing violated due process. Dkt. 28. He now moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. 30. Respondents agree that Khadaj is the prevailing party, and they do not dispute the amount of fees sought. Dkt. 32. Instead, they argue that fees should be denied because their legal position was substantially justified. *Id.* But Respondents have failed to show that Khadaj's prolonged detention was distinguishable from others this district had already found

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

to violate due process. Respondents' position was therefore not substantially justified, and the Court GRANTS Khadaj's motion for attorney's fees.

## II.    LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* "The government's position must be substantially justified at each stage of the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (citation modified). Whether the government's position was substantially justified is a matter of discretion for the district court. *Id.* at 869.

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

## III.    FINDINGS OF FACT

1. Petitioner Khadaj is a native and citizen of Morocco who entered the United States without inspection on or about September 15, 2024. Dkt. 6 ¶ 1; Dkt. 13 ¶¶ 32–33.

2. Border Patrol agents arrested Khadaj on September 15, 2024. Dkt. 14-8. He was initially placed in expedited removal proceedings but was issued a notice to appear after requesting asylum. *See* Dkt. 14-9, 14-10; Dkt. 6 ¶ 3.

3. Khadaj was subject to mandatory detention under 8 U.S.C. § 1225(b) pending the outcome of his removal proceedings. He remained in immigration detention from September 15, 2024 until after this Court granted his habeas petition on September 8, 2025.

4. On May 8, 2025, Khadaj filed a petition for writ of habeas corpus, arguing that his detention without an opportunity for bond had become unconstitutionally prolonged, in violation of the Due Process clause. Dkt. 1 ¶¶ 73–104. At that point, after nearly eight months of incarceration, Khadaj had yet to have an initial hearing in his removal proceedings in a language he could understand. See *id.* ¶ 78; Dkt. 6 ¶¶ 5–6; Dkt. 12 ¶¶ 10–13.

5. After Khadaj filed his habeas petition, the government secured an interpreter who could communicate with Khadaj. *See* Dkt. 12 ¶ 15.

6. In their response to Khadaj's habeas petition, Respondents agreed with Khadaj that courts in this District analyze due process challenges to prolonged detention using the multifactor test from *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019). Dkt. 11 at 10–11. Respondents argued that Khadaj's detention, "while prolonged," was not unreasonable, arguing that most of the *Banda* factors were neutral and that the delays caused by the lack of interpreters should not be

attributed to the government because they had "expended significant effort" to secure interpreters. *See* Dkt. 11 at 11–15.

7. On July 29, 2025, the Honorable Brian A. Tsuchida, United States Magistrate Judge, issued a Report and Recommendation recommending that Khadaj's habeas petition be granted in part and that he receive a bond hearing within 35 days. Dkt. 25 at 11–12. Judge Tsuchida concluded that three of the *Banda* factors favored Khadaj and three were neutral. *Id.* at 11.

8. Khadaj filed timely objections to three points in the R&R. First, he challenged the recommendation that the *Banda* factor concerning delay was neutral, arguing that the government's inability to find an interpreter for over nine months should weigh against Respondents. Dkt. 26 at 2–3. Second, he argued that he should receive declaratory relief stating that indefinite mandatory detention under 8 U.S.C. § 1225(b)(2) was unconstitutional as applied to him. *Id.* at 3–4. Finally, he argued that any bond hearing should be held within 14 days rather than 35, and that the time for a bond hearing should not be tied to ensuring a certain length of detention. *Id.* at 4–6.

9. Respondents urged the Court to overrule the objections and adopt the R&R as issued, arguing that (1) the delay in proceedings was not attributable to the government and the facts were distinguishable from *Banda*, Dkt. 27 at 2–4; (2) the R&R correctly found that, even if prolonged, Khadaj's detention was "not necessarily unconstitutional," *id.* at 4, and (3) that 35 days was the appropriate period for Respondents to provide a bond hearing, *id.* at 4–5.

10. On September 8, 2025, this Court issued an order adopting the R&R in part and sustaining all of Petitioner's objections. Dkt. 28. The Court determined that

(1) "there is no material difference between the interpreter delay in this case and *Banda*," *id.* at 3; (2) "if a detainee is entitled to a bond hearing under *Banda*, it is because his continued detention without one—as the text of Section 1225(b) allows—violates due process," *id.* at 4; and (3) because Respondents had already identified the dialect Khadaj could best understand, they could hold a bond hearing within 14 days, *id.* at 5.

11. The Court therefore granted Khadaj's habeas petition and ordered Respondents to either release him or provide him a bond hearing within 14 days. Dkt. 28 at 5–6. After receiving that hearing, Khadaj was released on bond. Dkt. 30 at 4.

12. Khadaj now seeks an award of $17,669.68 in attorney's fees and costs under the EAJA. Dkt. 30.

13. Respondents do not dispute that Khadaj is a prevailing party or the amount of fees sought. *See* Dkt. 32 at 3. Instead, Respondents argue only that attorney's fees should be denied because their position was substantially justified. *Id.* at 3–4.

### IV.    CONCLUSIONS OF LAW

1. Khadaj is the prevailing party. 28 U.S.C. § 2412(d)(1)(A).

2. The fees and costs sought by Khadaj are reasonable and in compliance with the EAJA. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(A).

3. Respondents' position was not substantially justified.

4. "It is the government's burden to show that its position was substantially justified." *Medina Tovar*, 41 F.4th at 1089. Here, the government argues that it was substantially justified in arguing that no due process violation had occurred because, "[w]hile Petitioner had been detained for a prolonged period of time," it was because "the immigration court was spending a significant amount of time

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 5

and resources to identify and locate appropriate interpreters" for Petitioner. Dkt. 32 at 4. Therefore, "given the efforts made by the immigration court, Respondents were substantially justified in arguing that Petitioner's detention did not violate due process when analyzed under" the *Banda* factors. *Id.*

5. But this Court has already concluded that there was "no material difference" between the interpreter delay for Khadaj and that in *Banda* itself. Dkt. 28 at 3. In *Banda*, the court explained that when there was "no indication that petitioner deliberately sought to delay the proceedings" or "engage in dilatory tactics," the delay caused by the necessity of finding an interpreter "is attributable to the government, not petitioner." *Banda*, 385 F. Supp. 3d at 1119–20. Because the delay in this case was indistinguishable from *Banda*, there was no reasonable basis in law or fact for the government to maintain that Khadaj's prolonged detention without bond due to lack of an interpreter did not violate due process. *See Meier*, 727 F.3d at 870.

6. Respondents' position was therefore not substantially justified, and there are no other special circumstances that would make an award of fees under the EAJA unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

7. The Court awards Khadaj $17,664.68 in attorney's fees.

8. The Court awards Khadaj $5.00 in costs.

## V. CONCLUSION

Because Respondents' position was not substantially justified, the motion for attorney's fees (Dkt. 30) is GRANTED. Petitioner Khadaj is awarded fees and costs under the EAJA in the amount of $17,669.68. The judgment shall be amended to include the award in favor of Petitioner.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 6

Dated this 5th day of February, 2026.

*[signature]*

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 7